UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KYWAN MARSHALL, **Plaintiff,** v. ROBERT PATTERSON and DAVID KELSEY, **Defendants.** | Case No. 24–cv–04516–ESK–EAP OPINION |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on plaintiff Kywan Marshall's amended complaint filed pursuant to 42 U.S.C. § 1983 (Amended Complaint) (ECF No. 4.) For the following reasons, I will dismiss the Amended Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed a *pro se* complaint on April 3, 2024 against defendant Robert Patterson. (ECF No. 1.) I granted plaintiff's *in forma pauperis* application on April 8, 2024. (ECF No. 3.) On June 4, 2024, plaintiff submitted the Amended Complaint adding defendant David Kelsey. (ECF No. 4.)[1]

Plaintiff seeks relief from Patterson and Kelsey for "multiple civil rights violation" allegedly occurring in May 2023 and at some point in 2024. (*Id.* p. 2.) An Atlantic City Police Department complaint form attached to the Amended Complaint alleges Patterson harassed plaintiff "by making nasty comments stating he would fuck me up" and assaulted plaintiff by "hitting [him] and

---

[1] A party has the right to amend his or her "pleading once as a matter of course" 21 days after service of the pleading or 21 days after a motion under Rule 12 is filed, whichever is earlier. Fed. R. Civ. P. 15(a)(1).

walking off." (ECF No. 4–1 p. 3.)  Plaintiff seeks $ 1 million in damages. (ECF No. 4 p. 3.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a plaintiff proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the [plaintiff's] favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."  *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).  Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## III. DISCUSSION

Plaintiff states in the Amended Complaint that Patterson harassed and assaulted him, but he does not provide any facts supporting these allegations.

2

(ECF No. 4 pp. 2, 3.)   There are no facts alleging any wrongdoing by Kelsey. (*Id.*)  Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."   *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because plaintiff may be able to allege facts that would cure the deficiencies identified above, I will grant plaintiff **30 days** to submit a proposed second amended complaint.   The proposed second amended complaint will be subject to this Court's § 1915 review prior to service.   Failure to submit a proposed second amended complaint within 30 days of the accompanying order may result in dismissal with prejudice.

Plaintiff should note that the second amended complaint will supersede the Amended Complaint.   When the second amended complaint is filed, the Amended Complaint is inoperative and cannot be utilized to cure the second amended complaint's defects unless the relevant portion is specifically incorporated.   6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted).   The second amended complaint may adopt some or all the allegations, but the identification of the particular allegations to be adopted must be clear and explicit.   *Id.*   To avoid confusion, the safer course is to file a second amended complaint that is complete in and of itself. *Id.*

3

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Amended Complaint without prejudice. Plaintiff may submit a proposed second amended complaint within 30 days. An appropriate Order accompanies this Opinion.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2024